# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CONLEY NATIONAL, INC.,

:   Case No. 1:03-cv-194
    consolidated w/ 1:04-cv-428

    Plaintiff,

-vs-

:   Chief Magistrate Judge Michael R. Merz

STEPHEN DESSNER, et al.

    Defendants.

:

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

This case is before the Court on Motion (Doc. No. 55) of Defendants Stephen Dessner and First Chesapeake Capital Corporation of Ohio, Inc., ("First Chesapeake") for Summary Judgment on Counts II, III, and IV of the First Amended Complaint (Doc. No. 28). In response (Doc. No. 58), Plaintiff Conley National, Inc., and Third-Party Defendant Robert J. Conley have opposed the Motion in part and themselves moved for summary judgment on Counts I, II, and III of the First Amended Counterclaim (Doc. No. 31).

The First Amended Complaint (Doc. No. 28) sets forth five claims for relief:

**Count I:** Dessner is alleged to have breached his agreement to guaranty the obligations of First Chesapeake by failing to make good First Chesapeake's failure to pay Conley National one-half of the losses suffered by the Conley National-First Chesapeake joint venture on certain transactions.

**Count II:** First Chesapeake is alleged to have breached the joint venture agreement by not paying Conley National one-half of the losses suffered by the Conley National-First Chesapeake joint venture on the same transactions involved in Count I.

1

**Count III:** Dessner and First Chesapeake are alleged to have been negligent in reviewing a letter of credit in connection with one of the transactions involved in Count I (the "Calvin Klein jeans" deal).

**Count IV:** First Chesapeake is alleged to have breached its duty under the joint venture agreement to use reasonable skill and care in reviewing the letter of credit reference in Count III.

**Count V:** Dessner is alleged to have breached his agreement to guaranty the obligations of First Chesapeake by failing to make good First Chesapeake's failure to pay Conley National one-half of the profits lost by the Conley National-First Chesapeake joint venture on the Calvin Klein deal.

The Answer to First Amended Complaint and Counterclaim of Dessner and First Cheaspeake (Doc. No. 31) asserts three causes of action:

**First Cause of Action:** "[A]sserts that CNI breached its oral contractual agreement with FCC to review the letter of credit for the Calvin Klein Jeans transaction." (Defendants' Reply Memorandu, Doc. No. 60, at 4.)

**Second Cause of Action:** "[A]sserts that CNI breached its fiduciary duties to FCC and Mr. Dessner by failing to account for the jeans." *Id.* at 4-5.

**Third Cause of Action:** "[A]sserts that CNI and Robert Conley conducted the Calvin Klein Jeans transaction negligently." *Id.* at 5.

Conley National and Mr. Conley agree that their Counts III and IV are barred by whichever State's statute of limitations is applicable and those two counts will be dismissed with prejudice.

In their Reply Memorandum, Defendants assert that Count II of the First Amended Complaint sounds in tort rather than contract because the parties did not have a contractual joint venture and the essential elements of a contract have not been proven (Reply Memorandum, Doc. No. 60, at 2-4). Plaintiff's respond by citing Ohio law which permits the formation of a joint venture with substantially less formality than Defendants assert is necessary. *See Kahle v. Turner*, 66 Ohio

App. 2d 49, 420 N. E. 2d 127 (Ohio App. 12th Dist. 1979). There are at least sufficient facts presented from sources allowable under Fed. R. Civ. P. 56(e) to permit a jury to find that the parties were engaged in a joint venture. Therefore, Defendants' Motion for Summary Judgment as to Count II of the First Amended Complaint is denied.

In response to Plaintiffs' assertion of the statute of limitations as a bar to the Counterclaims, Defendants offer no analysis of which statute of limitations might govern, either in terms of choice of law or in terms of whether their claims sound in tort or contract. Instead, they assert that Plaintiffs are equitably estopped to rely on the statute of limitations and that their counterclaims are in the nature of recoupment, which is never barred by the statute of limitations (Reply Memorandum, Doc. No. 60, at 4-9.)

The Court concludes upon review of the cited evidence that Defendants have not presented sufficient facts from which a jury could reasonably conclude the Plaintiffs were equitably estopped. As Plaintiffs note, equitable estoppel under Ohio law requires proof of a misleading factual misrepresentation which induced actual good faith and reasonable reliance to the detriment of the relying party. *See Helman v. EPL Prolong, Inc.*, 139 Ohio App. 3d 231, 743 N.E. 2d 484 (Ohio App. 7th Dist. 2000), citing *Doe v. Blue Cross/Blue Shield of Ohio,* 79 Ohio App. 3d 369, 379, 607 N.E.2d 492 (Ohio App. 10th Dist. 1992). The *Helman* court continued:

> With regard to the first two elements set forth above, the Ohio Supreme Court has indicated that a showing of "actual or constructive fraud" is necessary. *State ex rel Ryan v. State Teachers Retirement Sys.* (1994), 71 Ohio St. 3d 362, 368, 643 N.E.2d 1122, 1127-1128. Furthermore, in the context of a statute-of-limitations defense, a plaintiff must show either "an affirmative statement that the statutory period to bring an action was larger than it actually was" or "promises to make a better- settlement of the claim if plaintiff did not bring the threatened suit" or "similar representations or conduct" on defendant's part. *Cerney v. Norfolk & W. Ry. Co.* (1995), 104 Ohio App. 3d 482, 488, 662 N.E.2d 827, 831. See, also, *Walworth v. BP Oil Co.* (1996), 112 Ohio App. 3d 340, 678 N.E.2d 959.

139 Ohio App. 3d at 246. Defendants have not presented any evidence in support of their equitable estoppel defense which would permit a reasonable jury to conclude they had met these elements as established by the Ohio Supreme Court. Plaintiffs are entitled to summary judgment on the equitable estoppel response to their statute of limitations defense.

Plaintiffs also assert that the doctrine of recoupment does not apply to these counterclaims because their claims against Dessner and First Chesapeake are based on a series of transactions of the joint venture in 1997 and 1998 and the counterclaims are based only on the Calvin Klein deal. Plaintiffs do not deny the legal proposition that a recoupment theory, if it were applicable, would defeat their statute of limitations defense.

The determinative question is how broad the "transaction" may be out of which a plaintiff's claim arises and a defendant asserts recoupment. Plaintiff's claim in Count II is based on several breaches of the joint venture agreement; Defendants assert recoupment as to only one of those breaches, the Calvin Klein deal. However, the Court believes that "transaction" may be read broadly enough to encompass any claims arising out of the joint venture agreement. This is consistent with the Ohio law cited by the Defendants, *Riley v. Montgomery,* 11 Ohio St. 3d 75, 463 N.E. 2d 1246 (1984), where plaintiff attorney sued on a note for unpaid fees and the defendants were permitted to set up in recoupment several alleged acts of malpractice.

Accordingly, Plaintiffs' cross-motion for summary judgment is denied insofar as Defendants counterclaims are construed as defenses in the nature of recoupment. However, Defendants cannot recover any affirmative judgment on those defenses. *Riley, supra*, at 77.

June 6, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
